**Mead v. Conti**
**Rossin v. Pitell Tile Co. Inc.**

*Raymond Radakovich,* for plaintiff Mead.

*Frederick W. Thieman,* for defendants Timothy and Shirley Conti.

*Mary M. O'Day,* for plaintiffs Peter C. and Ada E. Rossin.

*Randal E. McCamey,* for defendant Pitell Tile Co.

WETTICK, *A.J.,* June 26, 1989 —

### Mead v. Conti

Initially we consider the proceedings at G.D. 88-21314 and Arbitration no. 10141 of 1988.

Dale R. Mead is the owner of residential property which Timothy and Shirley Conti previously occupied pursuant to a written lease. On September 6, 1988 the tenants filed a complaint with District Justice Charles McLaughlin at TA 453-088 to recover their security deposit. On September 23, 1988 the landlord filed a complaint with the same district justice at the same number to recover damages to the premises.

On October 24, 1988, the district justice entered a judgment for the tenants in the amount of $200 plus costs. He mailed a notice of judgment to the parties. The notice identified the tenants as plaintiffs and the landlord as defendant. The notice said that in the case at TA 453-88, a judgment was entered for plaintiffs and against defendant in the amount of $200 dollars plus costs.

On November 21, 1988, the landlord filed a notice of appeal from the district justice judgment. On December 9, 1988, the landlord filed his complaint in which he sought to recover damages to the premises. The tenants filed an answer in which they denied that they had damaged the premises. Their answer did not include a counterclaim for their security deposit. Instead, under new matter they raised the defense of res judicata. The basis for the defense was that the landlord had failed to appeal from the judgment in favor of the tenants on their claim for the security deposit and that this was now a final judgment which controlled the issue of whether the tenants had caused damages to the rental premises.

Thereafter the tenants entered their judgment in the amount of $200 plus costs in the Allegheny County Court of Common Pleas at G.D. 88-21314 pursuant to Pa.R.C.P.D.J. 402(D). Upon receiving notice of the entry of this judgment, the landlord filed a petition to strike the judgment and to stay execution proceedings. This petition is the subject of this opinion and order of court.

Only a final judgment rendered by a district justice for the payment of money may be entered in a court of common pleas. See 42 Pa.C.S. §1516; Pa.R.C.P.D.J. 402(D). An appeal from a judgment for the payment of money operates as a supersedeas. Pa.R.C.P.D.J. 1008(A). Consequently, the district justice judgment should have not been entered in our common pleas court if the landlord appealed from this judgment. Thus this court must decide whether the landlord's appeal includes an appeal of the judgment that the district justice entered for the tenants on their claim for the security deposit.

The landlord contends that his appeal included an appeal from the rulings of the district justice in favor of the tenants on their claim for the security

deposit and on his property-damage claim. The district justice entered a single judgment covering both claims and provided only one written notice of judgment, so that appeal from the judgment included both claims that the judgment covered.

The tenants, on the other hand, contend that their claim for the security deposit and the landlord's property-damage claim should be treated as separate lawsuits. Therefore separate appeals must be filed. The notice of appeal which the landlord filed identified the landlord as plaintiff and the tenants as defendants in the proceedings before the district justice. Therefore the landlord appealed only from the district justice's ruling in favor of the tenants on the landlord's claim for property damages.

The Rules of Civil Procedure Governing Actions and Proceedings before District Justices support the landlord's position that his appeal included both claims. Rule 315(A) provides that a defendant in a district justice proceeding may file his own complaint raising a claim against the plaintiff. Rule 306 provides that the defendant's complaint shall be filed at the same docket number as the plaintiff's complaint. Rule 315(C) requires the district justice to enter a single money judgment that takes into consideration the merits of both claims. Rule 1002 provides for a party to appeal from a judgment entered by a district justice by filing one notice of appeal on a form prescribed by the State Court Administrator.

In accordance with these rules, the landlord in the present case filed his complaint at the same docket number as plaintiff's complaint, the district justice entered a single money judgment for $200 for the tenants, and the landlord filed a notice of appeal on the form prescribed by the State Court Administrator. This form does not contain any special provisions for appeals from a judgment that covers claims

raised by both parties. Also it gives the appellant no opportunity to indicate what claims are the subject of the appeal. The form's only description of the subject matter of the appeal is the date of the judgment and its docket number. Consequently, the landlord provided as complete a description of the subject of the appeal as the notice of appeal form permits.

There is no merit to the tenants' argument that the landlord indicated that he was appealing from only the ruling on his claim for property damages because in the notice of appeal he identified himself as plaintiff and Timothy and Shirley Conti as defendants in describing the district justice proceeding from which he was appealing. The notice of appeal form does not give the appellant the option of identifying himself as both plaintiff and defendant. He must list himself as one or the other. If he had instead identified himself as defendant in the district justice proceedings, the tenants would be arguing that this indicated that he had intended only to appeal from the district justice's ruling on the tenants' claim for the security deposit.* The landlord could have identified himself as both a plaintiff and a defendant in the district justice proceedings only by filing two notices of appeal. But this is not required. Rule 1002 provides that a party aggrieved by a judgment may appeal therefrom by filing "a notice of appeal."

My ruling in the present case is not inconsistent with my opinion in *Penn Plaza Shopping Center Inc. v. Castellano,* 134 Pitts. Leg. J. 74 (1985). In that case a landlord filed an action before a district

---

* It was more appropriate for the landlord to file a notice of appeal that identified himself as plaintiff. By proceeding in this fashion he would raise his claim by filing a complaint and the tenants could raise their claim by pleading it as a counterclaim. See rule 1004(C).

justice to recover rent allegedly due under the lease agreement. The tenants filed an action before the same district justice at another docket number in which they sought damages resulting from an alleged lockout. Both claims were heard on the same date and the district justice entered separate judgments in favor of the landlord in both actions.

The tenants filed a notice of appeal from the judgment entered at the docket number for the landlord's claim. They did not file a notice of appeal from the judgment entered at the docket number for their claim. This court held that the appeal from the judgment entered on the landlord's claim did not include the judgment entered at the other docket number on the tenants' claim. The basis for the ruling was that the parties had filed separate complaints at different docket numbers and that the district justice had entered a separate judgment at each docket number that covered only the claim raised by that complaint. The decision in *Penn Plaza* is not controlling because in the present case the claims of both parties were filed at the same docket number.

Also this court's ruling is not inconsistent with rule 1004(C) which reads as follows:

"When judgments have been rendered on complaints of both the appellant and the appellee and the appellant appeals from the judgment on his complaint or on both complaints, the appellee may assert his claim in the court of common pleas by pleading it as a counterclaim if it can properly be so pleaded in that court. If the appellant appeals only from the judgment on his complaint, the appellee may appeal from the judgment on his complaint at any time within 30 days from the date on which the appellant served a copy of his notice of appeal upon the appellee."

Rule 1004(C) does not address the issue of when an appeal from a judgment or judgments entered in district justice proceedings in which both parties filed complaints operates as an appeal as to all issues. Its only purposes are to give the appellee additional time for taking an appeal where the appellant appeals only from the judgment on his complaint and to establish a procedure for the appellee to raise his or her claims.

The second sentence of rule 1004(C), according to the tenants, indicates that it is possible for an appellant to appeal only from the judgment on his complaint. We agree. In *Penn Plaza Shopping Center Inc. v. Castellano, supra,* we held that where separate judgments are entered on the appellant's and appellee's complaints at separate docket numbers, a notice of appeal from one of the judgments does not operate as an appeal from the other judgment. Also where the district justice provides no relief to either party, an appeal by one party may be characterized as only an appeal from the district justice judgment on that party's complaint because this is the only ruling of the district justice with which that party is dissatisfied. See *National Environmental Control Corp. v. Colavita,* 37 D.&C. 3d 355 (1985). But where the district justice has ruled against the appellant on his complaint and the appellee's complaint, we should assume that the appellant is appealing from both rulings unless there is a clear indication in the notice of appeal form that the appeal involves only one of the claims.

## ORDER OF COURT

On this June 26, 1989, it is hereby ordered that the judgment entered in favor of defendants and against plaintiff is stricken.

*Rossin v. Pitell Tile Company Inc.*

The fact situation of the proceeding at G.D. 88-19822 is slightly different. In this case Pitell Tile Company filed an action against Peter C. and Ada E. Rossin before District Justice Sally Ann Edkins at TA 107-88 to recover payments due for work performed. Thereafter Mr. and Mrs. Rossin filed a complaint against Pitell Tile with the same district justice at the same docket number to recover damages sustained because the work was not properly performed.

A hearing on both claims was held on September 19, 1988. On September 26, 1988 the district justice awarded Mr. and Mrs. Rossin $2,500 on their complaint and awarded no money to Pitell Tile on its complaint. The district justice mailed two notices of judgment. The first notice, which identified Pitell Tile as the plaintiff and Mr. and Mrs. Rossin as the defendants, stated that a judgment had been entered for defendants on September 26, 1988 at TA 107-88. The second notice of judgment, which identified Mr. and Mrs. Rossin as plaintiffs and Pitell Tile as defendant, stated that a judgment in the amount of $2,500 had been entered in plaintiffs' favor and against defendant on September 26, 1988 at TA 107-88. On October 25, 1988 Pitell Tile filed a notice of appeal which stated that an appeal had been taken from a September 26, 1988 judgment at TA 107-88 entered by District Justice Edkins. This notice of appeal identified Pitell Tile as plaintiff and Mr. and Mrs. Rossin as defendants.

On November 14, 1988 Mr. and Mrs. Rossin entered their judgment in the amount of $2,500 in the Allegheny County Court of Common Pleas at G.D. 88-19822 pursuant to rule 402(D). Pitell Tile filed a petition to strike this judgment. This petition raises the same issues that this court previously addressed.

The only difference between the two proceedings involves the different procedures that the district justices followed. In this case the district justice mailed two notices of judgment. One notice listed Pitell Tile as plaintiff and Mr. and Mrs. Rossin as defendants. The other notice listed Mr. and Mrs. Rossin as plaintiffs and Pitell Tile as defendant. The former notice stated that a judgment was entered for Mr. and Mrs. Rossin and against Pitell Tile in the amount of $0 on September 26, 1988 at TA 107-88. The latter notice stated that a judgment was entered for Mr. and Mrs. Rossin and against Pitell Tile in the amount of $2,500 on September 26, 1988 at TA 107-88.

Mr. and Mrs. Rossin contend that these notices of judgment show that two judgments were entered. Thus Pitell Tile was required to file separate notices of appeal from each judgment.

We find no merit to this argument. Rule 315(C) provides for one money judgment to be entered, so Pitell Tile could assume that the district justice's docket would show the entry of a single judgment at TA 107-88 in the amount of $2,500. Since the district justice ruled against Pitell Tile on both claims filed at TA 107-88 and since Pitell Tile took an appeal from the judgment at TA 107-88, for reasons previously stated the appeal should be treated as an appeal from the rulings on the district justice on both complaints.

For these reasons we enter an order of court striking the judgment which Mr. and Mrs. Rossin entered against Pitell Tile.

## ORDER OF COURT

On this June 26, 1989, it is hereby ordered that the judgment entered in favor of Peter C. and Ada E. Rossin and Against Pitell Tile Company is stricken.